# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3274

———————

United States of America,

        Appellee,

v.

Fidel Solorio-Tafolla,

        Appellant.

Appeal from the United States
District Court for the
District of Nebraska.

———————

Submitted:  February 13, 2003

Filed:  April 3, 2003

———————

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

———————

RILEY, Circuit Judge.

Fidel Solorio-Tafolla (Solorio-Tafolla) appeals his conviction for conspiracy to distribute and possession with the intent to distribute methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1) and 846 (2000). Solorio-Tafolla argues the district court[1] erred by admitting opinion testimony from a police detective regarding drug trafficking, without satisfying the Daubert standard

———————————

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

for expert testimony. The district court did not err in finding the detective's testimony reliable and relevant. We affirm.

During Solorio-Tafolla's jury trial, Detective Sergeant Michael Garnett (Detective Garnett), a twenty-eight year law enforcement veteran, testified for the prosecution. Detective Garnett testified about various aspects of drug trafficking, including (1) the price of drugs in drug trafficking; (2) drug quantities obtained for personal use, as opposed to trafficking; (3) drug conspiracies and roles of drug traffickers; (4) how to manufacture methamphetamine; (5) drug investigation and wiretap operations; and (6) the lack of fingerprint evidence on packaging. Although Solorio-Tafolla objected during the trial to portions of Detective Garnett's testimony based on relevance and foundation, Solorio-Tafolla failed to object in the district court to the detective's status as an expert witness under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589, 595 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147, 149-51 (1999). Therefore, we review Solorio-Tafolla's Daubert claim for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Kempis-Bonola, 287 F.3d 699, 701 (8th Cir. 2002).

"There is no requirement that the District Court always hold a Daubert hearing prior to qualifying an expert witness under Federal Rule of Evidence 702." United States v. Evans, 272 F.3d 1069, 1094 (8th Cir. 2001) (finding no abuse where officer testified about the operation of prostitution rings based on his education, training, and experience). "Federal Rule of Evidence 702 permits a district court to allow the testimony of a witness whose knowledge, skill, training, experience or education will assist a trier of fact in understanding an area involving specialized subject matter." United States v. Molina, 172 F.3d 1048, 1056 (8th Cir. 1999). It is well within the discretion of a district court "to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar." Id. (citation omitted). Even so, under Daubert and Rule 403 of the Federal Rules of Evidence, the probative value

of the expert testimony must not be substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury. Daubert, 509 U.S. at 595.

Detective Garnett had been employed by the Lincoln Police Department for 28 years and was assigned to the narcotics unit for the last 20 years. His assignment included the supervision of plain-clothed investigators, and he assisted in investigations, interviewing suspects and witnesses, conducting surveillance and serving search warrants. Detective Garnett had received specialized training from the Drug Enforcement Administration on multiple occasions, as well as from the National District Attorneys Association. Detective Garnett had been involved in thousands of investigations of controlled substances. He personally purchased drugs as a undercover agent, supervised other officers purchasing drugs as undercover buys, and supervised cooperating individuals making controlled delivery of illegal drugs. Detective Garnett had previously testified as an expert witness eleven or twelve times in federal court and five or six times in Nebraska state court.

Detective Garnett testified he was familiar with how controlled substances, including methamphetamine, are distributed. Without objection from Solorio-Tafolla, Detective Garnett described drug trafficking based on his training and experience. Solorio-Tafolla objected to Detective Garnett's testimony regarding investigation procedures, particularly wiretaps, on the basis of relevancy, since a wiretap was not involved in this case. However, the district court overruled the relevancy objection when the government pointed out defense counsel was arguing the government performed its drug investigation poorly. The district court also overruled a relevancy objection to the detective explaining how methamphetamine is manufactured. On cross-examination, Solorio-Tafolla's counsel questioned Detective Garnett about certain aspects of drug trafficking.

After reviewing Detective Garnett's testimony, we conclude the district court did not plainly err in admitting the expert testimony, because, on balance, the

probative value of the expert testimony was not substantially outweighed by any possible unfair prejudice.  Therefore, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.