# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4072

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Walter Kerry Robertson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 14, 2004
Filed: October 13, 2004

_____

Before BYE, BOWMAN and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

A jury convicted Walter Kerry Robertson of one count of possession with intent to distribute over five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Robertson to 180 months imprisonment to be followed by eight years supervised release. On appeal, Robertson asserts the district court abused its

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

discretion by permitting two police detectives to testify as experts on drug trafficking. For the following reasons, we affirm the decision of the district court.

I

The St. Louis Metropolitan Police Department received information from an informant that a person named "Walt" had been at the Save-A-Lot store to discuss a narcotics sale. The informant gave the police a description of the suspect and a description of the suspect's car. As two police detectives, Detective Carl Dulay and Detective Michael Scego, approached the location given by the informant they saw a man exiting a restaurant who met the description given by the informant. The man turned out to be Walter Robertson. Robertson stated he did not want any problems and informed the detectives he had a gun in his pocket. The detectives seized the gun and approximately thirteen grams of crack cocaine.

At trial, over the objection of Robertson, the district court permitted the expert testimony of Detective Dulay and Detective Scego. The detectives testified the amount of crack cocaine possessed by Robertson was a distribution amount. They further testified dealers selling this amount of crack cocaine typically carry a gun to protect themselves from being robbed by other drug dealers. This testimonial evidence helped convict Robertson of possession with intent to distribute crack cocaine and possession of a firearm during and in relation to a drug trafficking crime.

II

The business of drug trafficking and the modus operandi of drug dealers are matters unfamiliar to jurors. United States v. Molina, 172 F.3d 1048, 1056 (8th Cir. 1999). As such, Rule 702 of the Federal Rules of Evidence permits a district court to allow the testimony of a witness whose knowledge, skill, training, experience or education will assist a trier of fact in understanding the business of drug trafficking.

See Fed. R. Evid. 702; see also United States v. Solorio-Tafolla, 324 F.3d 964, 965 (8th Cir. 2003) (allowing expert testimony on drug quantities obtained for personal use); United States v. Newton, 31 F.3d 611, 613 (8th Cir. 1994) (permitting expert testimony on the use of firearms by drug dealers). When deciding whether to admit expert testimony under Rule 702 the district court plays a gatekeeping role allowing in testimony only if it is both relevant and reliable.[2] United States v. Vesey, 338 F.3d 913, 916 (8th Cir. 2003). The district court enjoys broad discretion in its determination of relevancy and reliability. Id. Therefore, we will reverse the district court's decision to admit the detectives' expert testimony only upon the showing of an abuse of discretion. Molina, 172 F.3d at 1056.

Robertson asserts the detectives' lack of expertise in the area of drug trafficking renders their testimony inherently unreliable. We disagree with Robertson's characterization of the detectives' qualifications. In fact, the record shows both detectives possess the necessary knowledge, skill, training, experience and education to qualify as experts in drug trafficking. Detective Dulay is a ten-year veteran of the St. Louis Metropolitan Police Department. He attended a two-week training course sponsored by the Drug Enforcement Agency (DEA). Detective Dulay gathers intelligence on the local narcotics trade as part of his daily routine. To gather this intelligence, Dulay interviews addicts, defendants and informants. Detective Dulay has arrested over fifty individuals for state and federal drug and firearm offenses over a two-year period and he has testified in court over fifty times regarding the seizure of controlled substances. Based upon these qualifications, we find the district court properly performed its gatekeeping role and did not abuse its discretion by permitting Detective Dulay to testify as an expert in drug trafficking.

---

[2]Although the district court did not hold a hearing pursuant to Daubert v. Merrell Down Pharmaceuticals, Inc., 509 U.S. 579 (1993), the district court is not always required to hold such a hearing prior to qualifying an expert under Rule 702 of the Federal Rules of Evidence. Solorio-Tafolla, 324 F.3d at 965-66.

Similarly, Detective Scego is a thirteen-year veteran of the St. Louis Metropolitan Police Department. He also attended a two-week training course sponsored by the DEA. For at least the last three years, Detective Scego's primary focus has been in the area of narcotics investigation. He makes narcotics related arrests and conducts narcotics related interviews on a daily basis. Based upon these qualifications, we find the district court properly performed its gatekeeping role and did not abuse its discretion by permitting Detective Scego to testify as an expert in drug trafficking.

## III

After reviewing the testimony and qualifications of the detectives, we conclude the district court did not abuse its discretion in admitting their reliable and relevant expert testimony. Therefore, we affirm.

_____