# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1527

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Joe Lewis Kelly, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2005
Filed: February 13, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Joe Lewis Kelly was convicted of being a felon in possession of ammunition. Calculating his guideline sentence range as 70 to 87 months, the district court[1] sentenced Kelly to 96 months. Kelly appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Susan Webber Wright, Chief United States District Judge for the Eastern District of Arkansas.

## I.

Kelly lived with Shawn Jones and their four children. On November 9, 2003, Jones left home to take her oldest daughter to work, but returned to get her wallet. Three of her children waited in the car. While in the house, she got into an argument with Kelly. As Jones was leaving the second time, a man came out of the house and shot at her and the car five times, hitting the car in several places. She sped away. Kelly then telephoned Jones's mother, confessing to the shooting, but claiming he wanted only to scare Jones.

Jones reported the shooting to sheriff's deputies, identifying Kelly as the gunman. Deputies also tape-recorded the testimony of her seven-year-old son, who said it was Kelly. They investigated the scene and found ammunition shell casings, as well as one live bullet, on the ground going away from the house. There were also bullet holes in Jones's car.

At trial, Jones recanted and said that it was not Kelly, but an unknown, masked assailant that shot at her. The seven-year-old son also refused to cooperate on the stand, so the court admitted his taped interview as a prior inconsistent statement under Federal Rule of Evidence 613(b). The jury found Kelly guilty.

At sentencing, Kelly objected to the presentence report's recommended enhancement for a prior violent felony conviction based on a state conviction of breaking-and-entering. The court agreed, reducing Kelly's guideline range from 100-120 months to 70-87 months. The court then stated that "it was a close call whether to call the breaking and entering a crime of violence" and varied upward, ultimately sentencing Kelly to 96 months. Kelly did not object to this sentence at the hearing.

Kelly appeals, arguing that the court should not have sentenced him above the guideline range, should have excluded the seven-year-old's recorded testimony, and that the verdict is not supported by sufficient evidence.

## II.

## A.

Kelly first argues that the court could not sentence him above the guideline range because it failed to make additional fact findings beyond those made by the jury. Essentially, Kelly contends that his sentence is unreasonable. In reviewing a sentence for unreasonableness, this court uses an abuse of discretion standard. *See United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). When sentencing a defendant, a district court must first determine the appropriate advisory guideline range. *Id*. "Once the guidelines sentence is determined, the court shall consider all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." *Id*.

In this case, Kelly admits the district court correctly determined the advisory guideline range. Even after *United States v. Booker*, 543 U.S. 220 (2005), courts have discretion to vary from the advisory guideline range. *See United States v. Cramer*, 414 F.3d 983, 988 (8th Cir. 2005). The district court did not need to make additional findings of fact. *See United States v. Evans*, 272 F.3d 1069, 1089 (8th Cir. 2001), *citing United States v. Flores*, 9 F.3d 54, 55 (8th Cir. 1993) ("Despite the language of § 3553(c), . . . unless the defendant objects, the court can adopt the recommendation of the presentence report without stating its reasons on the record."). The facts found by the jury, stated in the presentence report and considered by the district court – that Kelly shot a gun at a car containing his girlfriend and children – support the variance.

The district court stated on the record that it was taking into consideration the factors in 18 U.S.C. § 3553. One factor in § 3553(a)(5) is "any pertinent policy statement." The sentencing guidelines state that the "discharge of a firearm might warrant a substantial sentence increase." **U.S. Sentencing Guidelines Manual § 5K2.6 (2004)**. Although not directly stating so, the district court did consider Kelly's act of shooting at the car – containing his girlfriend and children – when it sentenced him. The court "noted the history of this defendant's illegal conduct, criminal conduct, with respect to guns and firing guns" and took into account the "nature and circumstances of the offense." Also, the court explained it considered the need for a "just punishment" to "reflect the seriousness of the offense" and "promote respect for the law." It is not error to rely on the factors in § 3553 and vary from the guideline range. *See United States v. Mashek*, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005) ("When a district court exercises its discretion to depart or vary from the appropriate guidelines range, it must continue to provide reasons for its imposition of the particular sentence."). Thus, the 96-month sentence is reasonable.

B.

Kelly next claims that the variance above the guidelines violates the Ex Post Facto Clause of the United States Constitution, as well as his due process rights. Because this is a question of the district court's interpretation and application of the guidelines, this court reviews it de novo. *See id.* at 1016.

As applicable here, the Ex Post Facto and due process clauses require that Kelly have fair warning of the punishment for the crimes which he committed. *See Rogers v. Tennessee*, 532 U.S. 451, 456–57 (2001); *United States v. Wade*, No. 05-2181, 2006 WL 73474, at *2 (8th Cir. Jan. 13, 2006). In the present case, Kelly had fair warning. As noted, the court could always go above the guideline range, and the 96-month sentence is below the statutory maximum of 10 years. *See* **18 U.S.C. § 924(a)(2)**; *see also United States v. Long Soldier*, 431 F.3d 1120, 1122 (8th Cir. 2005)

(after *Booker*, district courts still have discretion to depart upward). The sentence was not unexpected or "indefensible by reference to the law which had been expressed prior to the conduct in issue." **Rogers**, 532 U.S. at 457, *citing* **Bouie v. City of Columbia**, 378 U.S. 347, 354 (1964).

C.

Kelly contends the court should have held a hearing, sua sponte, because the child's testimony indicated he was incompetent to testify. Kelly did not raise the issue of competency at trial, so this court reviews the district court's decision for plain error. *See* **United States v. Sobrio-Tafolla**, 324 F.3d 964, 965 (8th Cir. 2003). Children are presumed competent to testify. **Fed. R. Evid. 601**; *United States v. Rouse*, 111 F.3d 561, 567 n.3 (8th Cir. 1997). The court generally does not have a duty to determine the competency of a witness sua sponte. *See* **Fed. R. Evid. 601 & advisory committee's note**; *United States v. Spotted War Bonnet*, 882 F.2d 1360, 1363 (8th Cir. 1989), *vacated on other grounds*, 497 U.S. 1021 (1990); **3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 601.03[1][b] (Joseph M. McLaughlin ed., 2d ed. 2004)**. Here, the record shows the child only became uncooperative when questioned about his father's role. The jury is capable of weighing the credibility of the child's testimony, making a competency hearing unnecessary in this case. *See* **Fed. R. Evid. 601 advisory committee's note**. Thus, there is no error.

Additionally, Kelly claims the court should not have admitted the child's tape-recorded testimony. However, because the child refused to testify about the shooting, the recorded statement is admissible as a prior inconsistent statement under Federal Rule of Evidence 613(b). Kelly argues, though, that Rule 613(b)'s requirements are not met because the child, by refusing to answer, was not "afforded an opportunity to explain or deny the statement." But, this rule only states that a witness be afforded the *opportunity* to explain; Rule 613(b) does not require a witness to actually explain or

deny the prior inconsistent statements. As the district court found when admitting the recorded statement, the child had the opportunity to explain himself, and Kelly had the opportunity to cross-examine the child. Moreover, although Kelly complains that the tape-recorded statement was used for substantive purposes, there is no evidence it was introduced for anything but impeachment of the witness.

## D.

Finally, Kelly argues the jury's verdict was not supported by sufficient evidence. This court reviews the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility determinations made in support of the jury's verdict. *United States v. Dieken*, 432 F.3d 906, 909–10 (8th Cir. 2006).

In this case there was substantial and sufficient evidence that Kelly was a felon in possession of ammunition. Shell casings were found outside the house, the car had bullet holes and Shawn Jones's mother testified that Kelly confessed to shooting at the car. The jury could reasonably conclude that the testimonies of Jones, her daughter and her seven-year-old son – who all claimed Kelly was not the shooter – were not credible. Thus, there is sufficient evidence to support the verdict.

## III.

The judgment of the district court is affirmed.

_____