# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2547

_____

United States of America,           *

                         *

        Appellee,        *

                         *   Appeal from the United States

      v.                 *   District Court for the

                         *   Eastern District of Arkansas.

Michael Kuntz,            *

                         *   [UNPUBLISHED]

        Appellant.      *

_____

Submitted: May 25, 2006
Filed: June 9, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Michael Kuntz appeals the 180-month sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Kuntz argues (1) that the district court erred in sentencing him as an armed career criminal because his prior burglaries were not separate instances, but amounted to a single event or spree; (2) that his sentence, based on prior convictions, violates the Sixth Amendment because *United States v. Booker*, 543 U.S. 220 (2005), and *Shepard v. United States*, 544 U.S. 13 (2005), challenge the continued viability

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

of *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998) (prior criminal history is sentencing factor for court to decide, not fact issue for jury to decide); and (3) that due process and ex post facto principles prevent the application of *Booker*'s remedy of advisory Guidelines to his pre-*Booker* criminal conduct.

We conclude that the district court did not err in sentencing Kuntz as an armed career criminal, because Kuntz's four prior burglaries, over a period of five days, were discrete criminal episodes. *See United States v. Gray*, 85 F.3d 380, 381 (8th Cir.) (discrete criminal episodes, rather than dates of conviction, trigger sentence enhancement under the Armed Career Criminal Act (ACCA); burglaries committed only twenty-five minutes apart were separate offenses under ACCA), *cert. denied*, 519 U.S. 907 (1996).

Kuntz's argument under *Shepard*--that his sentence should not have been increased by the district court based on prior convictions--was recently rejected in *United States v. Johnson*, 408 F.3d 535, 540 (8th Cir. 2005) ("*Shepard* did not alter the rule that a court may consider prior criminal history as a sentencing factor."). We further conclude that because Kuntz was sentenced to the statutory minimum, there is no merit to his argument that the district court's application of *Booker*'s remedy of advisory Guidelines to his pre-*Booker* criminal conduct was an ex post facto or due process violation. *See United States v. Kelly*, 436 F.3d 992, 995 (8th Cir. 2006) (ex post facto and due process clauses require that defendant have fair warning of punishment for crimes which he committed; finding no ex post facto or due process violation where district court's variance above Guidelines range was below statutory maximum and sentence was not unexpected or indefensible by reference to expressed law prior to conduct in issue). We note that *Booker* was not implicated by Kuntz's sentence because the sentence was based on the statutory mandatory minimum. *See United States v. Thomas*, 398 F.3d 1058, 1063-64 (8th Cir. 2005) (use of prior felony conviction to impose statutory minimum penalties does not implicate *Booker*); *United States v. Vieth*, 397 F.3d 615, 620 (8th Cir.) (no *Booker* issue arises where sentence

was based on statutory mandatory minimum rather than on application of Guidelines), *cert. denied*, 125 S. Ct. 2560 (2005).

     Accordingly, we affirm.

_____