# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2698

_____

United States of America

*Plaintiff - Appellee*

v.

Royce Weaver

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 18, 2014
Filed: March 21, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Royce Weaver appeals from a judgment of the District Court[1] entered upon a jury verdict finding him guilty of being a felon in possession of ammunition. See 18

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

U.S.C. § 922(g)(1).  His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support the verdict and the application of a sentencing enhancement for Weaver's possession of the ammunition in connection with another felony offense.  Weaver has also filed two pro se briefs.

We review de novo the sufficiency of the evidence to sustain a guilty verdict, viewing the evidence in the light most favorable to the verdict and resolving any conflicts or contradictions in support of the verdict.  See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006). Testimony at Weaver's trial established that he was involved in an altercation with Broderick Paskel while the two were at a mutual friend's residence in North Little Rock, Arkansas, on June 25, 2011.  Weaver left at the resident's request, but he returned a short time later with a firearm, and he and Paskel exchanged gunfire while people in the vicinity took cover.  Afterward Weaver, who was injured, threw his firearm in some bushes, and another individual removed the firearm while Weaver was being taken away by ambulance. The police retrieved some 40 shell casings from two different firearms, neither of which was found.

Given the parties' stipulations that Weaver had been convicted of a crime punishable by imprisonment for more than one year and that the ammunition or shell casings found at the scene had been transported across a state line, we conclude that the evidence was sufficient for the jury to find Weaver guilty of being a felon in possession of ammunition.  See 18 U.S.C. § 922(g) (listing elements of felon-in-possession of firearm or ammunition); United States v. Miner, 108 F.3d 967, 969 (8th Cir.) (concluding that sufficient evidence supported a felon-in-possession-of-ammunition conviction where the firearm defendant used was never located, but police found defendant's spent cartridges at the scene of shooting and an individual shot by the defendant gave detailed testimony about the incident), cert. denied, 522 U.S. 904 (1997); United States v. Kelly, 436 F.3d 992, 996 (8th Cir. 2006) (finding sufficient evidence that defendant was a felon in possession of ammunition where

shell casings were found outside house, car had bullet holes, and testimony indicated that defendant admitted shooting at car).

We further conclude that the District Court did not err at sentencing in rejecting Weaver's challenge to a 4-level enhancement to his base offense level for possession of the ammunition in connection with another felony, see United States v. Guiheen, 594 F.3d 589, 591 (8th Cir. 2010) (noting that appellate court reviews application of Guidelines de novo and factual findings for clear error; Guidelines § 2K2.1(b)(6) requires a 4-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense," meaning any federal, state, or local offense punishable by imprisonment for a term exceeding one year, regardless of whether criminal charge was brought or conviction obtained), because his exchange of gunfire with Paskel created substantial danger of death or serious physical injury, see Ark. Code Ann. § 5-13-204(a)(l) (stating that "[a] person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he . . . purposely . . . [e]ngages in conduct that creates a substantial danger of death or serious physical injury to another person"). In addition, we reject Weaver's pro se arguments because (1) the holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013), have no application to his case; and (2) he did not preserve a challenge to the jury instruction defining "ammunition," which in any event followed the statutory definition and was not ambiguous, see 18 U.S.C. § 921(a)(17)(A) ("The term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.").

Finally, we have found no other nonfrivolous issue after reviewing the record under Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm the judgment of the District Court and grant counsel's motion to withdraw.

_____

-3-