# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2270

_____

United States of America

*Plaintiff - Appellee*

v.

Adriana Gutierrez-Ramirez, also known as Adriana Peralta

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 15, 2019
Filed: July 18, 2019
[Published]

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

PER CURIAM.

Adriana Gutierrez-Ramirez was convicted by a jury for knowingly possessing with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A). On appeal, she claims that the district court[1] erred by admitting evidence of a prior act under Federal Rule of Evidence 404(b), as well as by admitting expert testimony from a federal law enforcement officer about the practices of drug dealers, in violation of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Finding no error, we affirm the district court.

## I. *Background*

On February 25, 2017, Sergeant Matt Funderburk of the Missouri State Highway Patrol stopped Luis Duarte, who was driving a rental truck, for a traffic violation. Gutierrez-Ramirez was a passenger. Sergeant Funderburk observed that both occupants of the truck appeared overly nervous while he was speaking to them. He also noted that Duarte's and Gutierrez-Ramirez's stories were inconsistent. Based on these observations, Sergeant Funderburk asked permission to search the vehicle. Duarte consented.

Sergeant Funderburk viewed the contents of the truck's cargo area. He saw mostly broken furniture, non-functioning appliances, and miscellaneous household items randomly spread around the back of the truck. In stark contrast, Sergeant Funderburk saw neatly stacked boxes against the far wall of the truck. Based on his experience, Sergeant Funderburk suspected that the other contents could simply be camouflage for contraband. He searched the boxes and found a one-kilogram bundle of cocaine in one of them. Sergeant Funderburk arrested both Duarte and Gutierrez-Ramirez. A later search located a pillow in the truck that contained four more one-kilogram bundles of cocaine, bringing the total amount seized to five one-kilogram bundles.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

At trial, Duarte testified about the origin of the trip. He said an unidentified person selected him to drive the truck from Arizona to Ohio. He was paid some money in advance and promised more upon completion. Duarte also said that he knew he was transporting drugs but did not know what type or quantity. Duarte met Gutierrez-Ramirez for the first time when he arrived to pick up the truck. Gutierrez-Ramirez provided directions for their journey as needed.

In a post-*Miranda* interview, Gutierrez-Ramirez told law enforcement that she knew there was "coke" in the back of the truck. Trial Tr. at 72, *United States v. Gutierrez-Ramirez*, No. 6:17-cr-3035-MDH-2 (W.D. Mo. Jan. 8, 2018), ECF No. 94. She explained that she agreed to transport the drugs because she needed money and was offered payment for completing the trip.

Before trial, the government notified the district court that it intended to introduce evidence of a prior act of Gutierrez-Ramirez under Federal Rule of Evidence 404(b). Specifically, an Arizona State Trooper had stopped Gutierrez-Ramirez in 2014. The trooper reported observing Gutierrez-Ramirez acting overly nervous during his encounter with her. A vehicle search uncovered a pillowcase containing $60,000. Gutierrez-Ramirez told the trooper that she had agreed to transport the currency because she was unemployed and needed money. The district court issued a preliminary ruling that this prior act evidence would be admissible, but only for the purpose of discerning intent and willingness to engage in the transport of drug-related assets for money. At the close of trial, the district court reiterated the limited scope of this evidence and issued a limiting instruction to the jury.

The district court also heard testimony at trial by Drug Enforcement Agency Special Agent Mark Hooten. Agent Hooten said that, based on his experience in the field, it was unlikely that any drug trafficker would entrust five kilograms of cocaine, worth approximately $211,000, to persons who were completely ignorant about what they were transporting.

At the conclusion of trial, Gutierrez-Ramirez moved for a new trial, claiming that the prior act evidence was inadmissible and that Agent Hooten's testimony failed to meet the *Daubert* standard as reliable expert testimony. As to prior act evidence, the district court affirmed its preliminary ruling. The court found the evidence was relevant to determining Gutierrez-Ramirez's knowledge and intent to commit the charged crime. The court also found it was sufficiently similar to the charged crime, was supported by sufficient evidence, and had greater probative value than prejudicial effect.

The court rejected Gutierrez-Ramirez's argument that Agent Hooten's expert testimony about the so-called "unknown courier defense" was unreliable under *Daubert*. The district court acknowledged that "application of extensive experience" is sufficient to meet the *Daubert* requirements. Order Den. Mot. for New Trial at 3, *United States v. Gutierrez-Ramirez*, No. 6:17-cr-3035-MDH-2 (W.D. Mo., Feb. 22, 2018), ECF No. 109 (quoting Fed. R. Evid. 702 advisory committee's note to 2000 amendments). The court thus refused to exclude Agent Hooten's testimony that drug traffickers do not typically use couriers who are unaware of their purpose or cargo. In making this second ruling, the district court specifically relied on *United States v. Urbina*, 431 F.3d 305, 311 (8th Cir. 2005), where this court held that admission of the same testimony by Agent Hooten was admissible expert testimony.

## II. *Discussion*

On appeal, Gutierrez-Ramirez argues that the district court committed two evidentiary errors. First, she contends the court erred admitting evidence of her prior law enforcement encounter in Arizona. Second, she avers that the court erred by admitting Agent Hooten's testimony as expert testimony.

### A. *Prior Act Evidence*

Federal Rule of Evidence 404(b) states that "[e]vidence [of a crime, wrong, or other act] may be admissible for . . . proving motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident." We review the admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015). "[E]vidence offered for permissible purposes is presumed admissible absent a contrary determination." *Id*. (internal quotation omitted). "The district court has broad discretion to admit evidence under Rule 404(b)." *United States v. Wilson*, 619 F.3d 787, 791 (8th Cir. 2010).

The district court errs in admitting 404(b) evidence if the "evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) (internal quotations omitted). "We employ a four-part test to determine whether a district court abused its discretion in admitting 404(b) evidence." *Williams*, 796 F.3d at 958. A district court properly admits 404(b) evidence if: "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *Id*. at 959 (quoting *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011)). Applying these factors, we conclude the district court did not abuse its discretion in admitting Gutierrez-Ramirez's 2014 traffic stop.

First, the evidence was relevant to the material issue of knowledge and intent. Prior trafficking acts are relevant to Gutierrez-Ramirez's state of mind in this case. *See, e.g.*, *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017) (holding prior drug possession relevant to state of mind on later charge of distribution). Gutierrez-Ramirez had previously transported bundles of cash hidden in a pillowcase in exchange for money while unemployed. This evidence makes it less probable that she would later transport contraband in the same manner without knowledge of its presence. *See* Fed. R. Evid. 401.

Second, Gutierrez-Ramirez's 2014 incident was similar in kind to the offense in this case and not overly remote in time. In both instances, Gutierrez-Ramirez appeared overly nervous during a traffic stop, and in both instances Gutierrez-Ramirez concealed the items she was transporting in a pillow. In post-*Miranda* statements, each time she said she agreed to transport "drug related assets"—drugs or money—because she was unemployed, needed money, and would be paid for her services. Order at 2, *United States v. Gutierrez-Ramirez*, No. 6:17-cr-3035-MDH-2 (W.D. Mo., Nov. 28, 2017), ECF No. 80. Remoteness is determined on a case-by-case basis. *See United States v. Burkett*, 821 F.2d 1306, 1310 (8th Cir. 1987). Only three years separated these two incidents. They were not, therefore, overly remote in time. We have previously held that evidence of crimes occurring between 8 and 11 years prior were not too remote. *See, e.g.*, *United States v. Samuels*, 611 F.3d 914, 918 (8th Cir. 2010) (drug offense occurring eight years prior not too remote); *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (conduct 11 years prior not too remote).

Third, Gutierrez-Ramirez concedes that the prior act evidence was supported by sufficient evidence, so "that a reasonable jury could find by a preponderance of the evidence that [she] committed the prior act." *United States v. Winn*, 628 F.3d 432, 436 (8th Cir. 2010).

Fourth, the potential prejudice of the offense did not outweigh its probative value. "Though all Rule 404(b) evidence is inherently prejudicial, the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice." *Williams*, 796 F.3d at 960 (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)). We will not reverse a district court "if we can discern from the record that the trial court performed the requisite balancing." *United States v. Riepe*, 858 F.3d 552, 561 (8th Cir. 2017) (quoting *United States v. Pierson*, 544 F.3d 933, 941 (8th Cir. 2008)).

The district court balanced the probative value of Gutierrez-Ramirez's prior act against its potential prejudice. The court, in preliminarily admitting the evidence, stated it was only to be used to "demonstrate[] the intent and willingness" to engage in this type of act. Order at 2. Additionally, the district court gave a limiting instruction to the jury to only consider the evidence for its proof of intent and knowledge. *See* Jury Instrs., Instr. No. 20, at 25, *United States v. Gutierrez-Ramirez*, No. 6:17-cr-3035-MDH-2 (W.D. Mo. Dec. 5, 2017), ECF 87. The district court did not abuse its discretion.

B. *Expert Testimony*

Gutierrez-Ramirez also argues the district court erred by allowing the testimony of Agent Hooten regarding "the activities of drug dealers" because it violated *Daubert*. Appellant's Br. at 7. Although Gutierrez-Ramirez objected during portions of Agent Hooten's testimony based on relevance and hearsay, she failed to object during trial to the agent's status as an expert witness. *See, e.g.*, *United States v. Solorio-Tafolla*, 324 F.3d 964, 965 (8th Cir. 2003). "Therefore, we review [Gutierrez-Ramirez's] *Daubert* claim for plain error." *Id*. We will reverse for plain error "only if there has been (1) an error, (2) that is plain, and (3) that affects [Gutierrez-Ramirez's] substantial rights," and, when these prongs are met, "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Unites States v. Richardson*, 537 F.3d 951, 959 (8th Cir. 2008) (internal quotation omitted). In this case no plain error occurred.

Admission of expert testimony is governed by Federal Rule of Evidence 702 and "requires only that an expert possess knowledge, skill, experience, training, or education sufficient to assist the trier of fact, which is satisfied where expert testimony advances the trier of fact's understanding to any degree." *United States v King*, 898 F.3d 797, 806 (8th Cir. 2018) (internal quotations omitted). "This court has repeatedly approved of law enforcement officials testifying as experts on the modus

operandi of drug dealers." *United States v. Holmes*, 751 F.3d 846, 850 (8th Cir. 2014).

*Urbina* controls this case. In *Urbina*, we ruled admissible substantially similar expert testimony for the same purpose by the very same Agent Hooten. 431 F.3d at 311–12. Agent Hooten's testimony in this case was based on his experience in the field. He testified to the likely modus operandi of Gutierrez-Ramirez and the drug trafficker that employed her. The government offered his testimony to rebut the "unknown courier defense;" Agent Hooten stated that it was highly unlikely a drug dealer/trafficker would entrust someone ignorant of their responsibility for a very valuable shipment. Gutierrez has not shown that the district court erred.

III. *Conclusion*

We affirm the decision of the district court.

_____