# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1573
_____

United States of America

*Plaintiff - Appellee*

v.

Lonnie L. Perry

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 18, 2022
Filed: March 6, 2023
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Lonnie L. Perry of interference with commerce by robbery, possessing and brandishing a firearm in furtherance of a crime of violence, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.

§§ 1951 and 924(c)(1)(A). The district court[1] sentenced him to 274 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In October 2017, there was an armed robbery at a Select Mart in Omaha, Nebraska. A store employee and a customer witnessed the robbery, and it was captured on store security video. The robber left fingerprints on the door.

In November, there was an armed robbery at a VP Racing Station in Omaha. Two employees witnessed the robbery, and it was captured on store security video. As the robber left, he pulled down his mask, exposing part of his face. He also shot at a car trying to flee the scene. The firearm used in both robberies was a Taurus 9 mm handgun.

A day after the VP Racing Station robbery, officers responded to a call about an armed person at a Runza in Omaha. They arrested Perry near a trashcan with a Taurus 9 mm in it. The gun was stolen. DNA analysis found it likely that Perry touched the gun. Perry later pled guilty to possessing this gun in state court.

A detective assigned to the Select Mart and VP Racing Station robberies noticed similarities between them, including similar firearms, similar aggressive movements, and similar shoes. This led to further investigation of Perry. DNA analysis found that the prints left at the Select Mart robbery matched Perry's fingerprints. Rebecca C. Learned, a forensic examiner with the Omaha Police Department, compared a bullet from the VP Racing Station robbery to a test bullet from the stolen Taurus 9 mm. She concluded the bullets were fired from the same gun.

A jury convicted Perry of the robberies. He appeals.

---

[1]The Honorable Robert F. Rossiter, Chief Judge, United States District Court for the District of Nebraska.

Perry claims the district court erred by allowing Learned to testify as an expert on firearm and bullet identification. This court reviews the admissibility of expert testimony for abuse of discretion. *United States v. Coutentos*, 651 F.3d 809, 820 (8th Cir. 2011). Under Fed. R. Evid. 702, "a witness who is qualified as an expert" may testify to "specialized knowledge" that will "help the trier of fact to understand the evidence or to determine a fact in issue." **Fed. R. Evid. 702(a)**.

Learned testified that the bullet retrieved from the VP Racing Station robbery was fired from the same gun seized when Perry was arrested at Runza. Perry argues that Learned was "unqualified pursuant to Fed. R. Evid. 702 to offer an opinion" on firearms identification because she "has never done any type of firearms ballistic training."

A witness may be qualified as an expert by "knowledge, skill, experience, training, or education." **Fed. R. Evid. 702**. Learned has a master's degree in forensic science. She also attended a year-long intensive training program at the ATF National Firearms Examiner Academy that included written, oral, and hands-on experience. At the time of the robberies, she worked in the Omaha Police Department crime lab. She had been a forensic examiner for over eight years. She testified she had compared a weapon to fired bullets or projectiles "a few dozen times." She also participated in firearms identification and test-firing bullets "several dozen times."

Perry does not attack the factual basis of Learned's opinion or argue her methodology was faulty or her conclusions incorrect. He argues that this was her first time doing "this specific comparison" for a federal court case. But the rejection of expert testimony is "the exception rather than the rule." *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). *See United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011) (resolving doubts about the usefulness of expert testimony in favor of admissibility). Rule 702 is "satisfied where expert testimony

advances the trier of fact's understanding to any degree." *Robinson*, 447 F.3d at 1100. "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Id*. And the weight given to witness testimony is the province of the jury. *See Fox v. Dannenberg*, 906 F.2d 1253, 1256 (8th Cir. 1990) ("The question of the expert's credibility and the weight to be accorded the expert testimony are ultimately for the trier of fact to determine.").

Learned's degrees and training gave her competence for the subject area of her testimony. *Robinson*, 447 F.3d at 1101. The district court did not abuse its discretion in allowing her to testify as an expert. *See Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016) (professional registered engineer with degrees in civil engineering was qualified as expert in tractor-trailer accident case).

## II.

Perry believes there was insufficient evidence to support the verdict. This court reviews de novo, viewing the evidence most favorably to the verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence. *United States v. Junge*, 807 Fed. Appx. 584, 585 (8th Cir. 2020). The district court instructed the jury that the elements of the crime of "interference with commerce by robbery" in Counts I and III were that: (1) Perry knowingly robbed the alleged victim; (2) the robbery involved United States currency; (3) the currency was in the "custody or possession" of employees of the alleged victim; and (4) Perry's actions "obstructed, delayed, or affected commerce in some way or degree."

Perry challenges element 1, arguing the evidence was insufficient to prove he robbed the Select Mart and the VP Racing Station because no one identified him as the robber. But "[c]ourtroom identification is not necessary when the evidence is sufficient to permit the inference that the defendant on trial is the person who committed the acts charged." *United States v. Hyles*, 521 F.3d 946, 955 (8th Cir.

2008) (cleaned up). The government can satisfy its burden of proof through circumstantial evidence. *See United States v. Flores*, 362 F.3d 1030,1035 (8th Cir. 2004). This court reverses a conviction, including one based on circumstantial evidence, "only if no construction of the evidence exists to support the jury's verdict." *Id*. (internal quotation marks omitted).

Here, the evidence included video footage and still photos from Select Mart's security camera and a detailed account of how investigators found Perry's fingerprints on the store's door handle. In the VP Racing Station security video, the robber pulled down his mask to reveal part of his face. The lead investigator linked the two robberies through modus operandi, the firearm used, and the robber's shoes. Additionally, ballistics evidence from the VP Racing Station robbery connected the firearm used there to the firearm near Perry when arrested at Runza (and the one he later admitted possessing).

Perry attacks the credibility and reliability of the fingerprint evidence, the ballistics evidence from the VP Racing Station robbery, and the DNA evidence found on the firearm. But the trial court does not weigh the evidence on a judgment for acquittal. *See Burks v. United States*, 437 U.S. 1, 16 (1978) (holding the trial court is "not to weigh the evidence or assess the credibility of witnesses when it judges the merits of a motion for acquittal"). Instead, the "prevailing rule has long been that a district judge is to submit a case to the jury if the evidence and inferences therefrom most favorable to the prosecution would warrant the jury's finding the defendant guilty beyond a reasonable doubt." *Id*.

Perry also challenges element 4, asserting the government failed to establish a sufficient nexus to interstate commerce for the Select Mart robbery because the conviction is based on the testimony of two Select Mart employees (who said the store sells products from outside Nebraska). Again, this argument asks the district court to weigh the credibility of government witnesses, a task barred by precedent. *See Junge*, 807 Fed. Appx. at 585; *United States v. Hassan*, 844 F.3d 723, 725 (8th Cir. 2016) (holding that a district court "must not assess witness credibility or weigh

evidence, and the evidence must be viewed in a light most favorable to the government").

The district court did not err in finding the evidence sufficient to convict.

* * * * * * *

The judgment is affirmed.

_____