# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2271

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Keith Marechale

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: March 19, 2025
Filed: July 21, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury convicted Michael Marechale of receipt of child pornography under 18 U.S.C. § 2252(a)(2). He appeals his conviction by challenging two evidentiary decisions made by the district court[1] during trial: (1) admitting his prior convictions

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

for sexually assaulting minors and (2) allowing a government witness to testify about the likelihood the pornography was placed on Marechale's devices by hackers. We affirm.

We begin with Marechale's argument that the district court erred during trial by admitting evidence of his two prior convictions for sexually assaulting minors. To provide context for the alleged error and to establish the standard of review we must apply, we first review the parties' arguments made before and during trial.

A grand jury indicted Marechale for receipt and possession of child pornography. Before trial, the parties submitted jointly-proposed jury instructions, which included an instruction on Marechale's prior convictions for sexual assault. That same day, Marechale also submitted his trial brief flagging legal issues for the district court. He acknowledged he had "two 2014 felony convictions for Sexual Assault of a Minor, Third Degree out of the District Court for Dodge County, Nebraska." And he stated "[t]he admissibility of the convictions will be governed by Federal Rules of Evidence 414 & 403[,]" even though the government had "not yet indicated" its "intention to introduce these convictions in [its] case-in-chief." He also noted that "[t]he parties have proactively submitted a proposed jury instruction should the Court find the convictions admissible under Rule 414." Marechale never filed a motion in limine to prevent the district court from admitting the evidence. Nor did he object to the evidence when the government offered it. Instead of seeking to exclude the evidence, Marechale seemed to accept that it would be admitted and he made it part of his defense. In his opening statement, defense counsel for Marechale mentioned Marechale had "a prior offense," suggesting law enforcement had tunnel vision in its investigation of Marechale. Later during trial, Marechale testified that his past convictions and status as a registered sex offender motivated people to hack him and to place child pornography on his devices.

The parties also discussed the jury instruction on the issue of his prior convictions before the government introduced them to the jury, and Marechale's counsel confirmed the proposed instruction was acceptable. The government then

-2-

called its witness, introduced Marechale's prior convictions, and the district court read the agreed-upon jury instruction. The convictions were not mentioned again except by Marechale as part of his defense.

Though Marechale may not have urged the district court to admit evidence of his prior convictions, he invited the district court to consider the evidence under Federal Rule of Evidence 414 if it was offered. Generally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," otherwise known as propensity evidence. Fed. R. Evid. 404(b)(1). But Rule 414 "create[s an] exception[] to the general rule against propensity evidence." *United States v. Sanchez*, 42 F.4th 970, 975 (8th Cir. 2022). In "child molestation cases, evidence that the defendant committed a prior similar offense may be considered for its bearing on any matter to which it is relevant, including the defendant's propensity to commit such offenses." *United States v. Red Elk*, 132 F.4th 1100, 1105 (8th Cir. 2025) (quoting *Sanchez*, 42 F.4th at 975). Thus, "Rule 414 evidence can be used to show a defendant's propensity to be sexually interested in minors." *United States v. Burch*, 113 F.4th 815, 819 (8th Cir. 2024) (quoting *United States v. Splettstoeszer*, 956 F.3d 545, 548 (8th Cir. 2020)).

On appeal, the parties now agree that evidence of Marechale's prior crimes should not have come in under Rule 414. This is because although Rule 414 makes evidence of other child molestation crimes admissible despite Rule 404(b) propensity-evidence concerns, Rule 414 defines "child" as "a person below the age of 14." Fed. R. Evid. 414(d)(1). Here, despite Marechale's suggestion to the district court, Rule 414 cannot encompass Marechale's convictions because his past sexual assault victims were not under 14 years of age.

The jury instruction was problematic given the nature of Marechale's convictions because it stated the jury could "consider the conviction to help you decide any matter to which it is relevant." Because Rule 414 does not apply, the jury should not have considered the convictions for propensity purposes. *See* Fed.

R. Evid. 404(b)(1). Yet Marechale invited the jury instruction on his prior convictions, so any argument he makes about the instruction was waived. *See United States v. Wortham*, 990 F.3d 586, 589 (8th Cir. 2021) ("When defendants specifically request a particular instruction, including one they jointly propose with the government, they cannot later assert on appeal absent an objection that the instruction was given in error."); *United States v. Tillman*, 765 F.3d 831, 836 (8th Cir. 2014) (holding defendant "waived the right to contest" a jury instruction on appeal because she "jointly proposed the disputed instruction and never objected"). Thus, all that is left for Marechale to argue on appeal is that the evidence of his prior convictions was erroneously admitted.

Marechale concedes we must review the district court's admission of his prior convictions for plain error because he failed to object to the evidence in the district court. *See United States v. Croghan*, 973 F.3d 809, 819 (8th Cir. 2020). Under plain error review, the defendant "must show 'there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Abarca*, 61 F.4th 578, 580 (8th Cir. 2023) (quoting *United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011)). We conclude Marechale cannot meet the plain error standard.

The government filed notice of 404(b) evidence for the purpose of admitting Marechale's prior convictions. Though Rule 404(b) bars evidence of other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). We have stated that "[e]vidence is properly admitted under Rule 404(b) if '(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative

value.'" *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015) (quoting *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011)).

This court has allowed admission of evidence of other acts related to a sexual interest in minors for non-propensity purposes under Rule 404(b) in cases dealing with child pornography crimes. In *Bartunek*, we upheld the introduction of evidence that a defendant possessed replicas of young children when the defendant was accused of possessing child pornography. *United States v. Bartunek*, 969 F.3d 860, 863 (8th Cir. 2020). In *Fechner*, we determined child erotica images were "relevant to establish a motive for possessing child pornography and rebut claims of accident or mistake." *United States v. Fechner*, 952 F.3d 954, 961 (8th Cir. 2020). In *Croghan*, we upheld the admission of pictures of the defendant's teenage female relative that the defendant had uploaded to a website called "PrimeJailBait.com," along with testimony concerning those pictures, in order to prove the defendant's identity and connection to his online username. *See Croghan*, 973 F.3d at 819, 821. To the extent the district court erred in admitting the prior convictions for another purpose besides propensity, the error was not clear or obvious under existing law.

Regardless, even if we found there to be plain error, the admission of the evidence did not affect Marechale's "substantial rights" based on our review of "the entire record and consider[ing] the [alleged] evidentiary error[] in conjunction with the other evidence presented against" Marechale. *See United States v. Millard*, 139 F.3d 1200, 1206 (8th Cir. 1998). The invited jury instruction was problematic to the extent it allowed the jury to "consider the conviction to . . . decide any matter to which it is relevant." But the instruction also contained a cautionary instruction that stated, "Remember, the Defendant is on trial only for the crimes charged. You may not convict a person simply because he committed similar acts in the past." Cautionary instructions can mitigate unfair prejudice. *See Burch*, 113 F.4th at 820. Further, the government did not introduce at trial the underlying facts of Marechale's prior convictions or go on at length about them. Nor did it mention his convictions "during closing argument, which limited any possible effect on the jury's decision-making process." *See United States v. Evans*, 802 F.3d 942, 949 (8th Cir. 2015).

Moreover, the government presented ample evidence that Marechale received child pornography as shown by evidence of child pornography found on four cell phones belonging to him, with some images and videos of child pornography found in an application designed to hide files on cell phones. "Given the district court's verbal and written instructions as a whole, the substantial evidence presented, and the fact that only the convictions and not the underlying facts were admitted, any error did not affect [Marechale]'s substantial rights or the fairness, integrity, or reputation of the proceedings." *See United States v. Hensley*, 982 F.3d 1147, 1159 (8th Cir. 2020).

Marechale next argues the district court erred by allowing Special Agent Justin McCarthy, a computer forensics agent, to testify about Marechale's hacking defense. He argues Agent McCarthy's testimony was not expert testimony and that it included inadmissible hearsay. Marechale did not object to the testimony for hearsay purposes, so that challenge is reviewed for plain error. *See United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1036 (8th Cir. 2019). Marechale did object to the expert testimony, so we review that argument for abuse of discretion. *See United States v. Anderson*, 446 F.3d 870, 874–75 (8th Cir. 2006). We conclude the district court did not plainly err nor abuse its discretion in admitting Agent McCarthy's testimony.

As to Marechale's hearsay challenge, we discern no plain error. In response to Marechale's claim that part of Agent McCarthy's testimony lacked foundation, Agent McCarthy testified he consulted with another agent about the case. Yet Agent McCarthy did not state what the agent told him. "Hearsay 'means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Lopez*, 880 F.3d 974, 980 (8th Cir. 2018) (quoting Fed. R. Evid. 801(c)). Marechale claims that "Agent McCarthy testified about statements by another agent regarding hacking." But Agent McCarthy did not repeat any such statements. Without a "statement" from an out-of-court witness, there is no hearsay to review.

As to Marechale's expert testimony challenge, we find no abuse of discretion. Marechale claims Agent McCarthy lacked the experience necessary to form an opinion on the feasibility of someone hacking his phones. After the district court instructed the government to ask Agent McCarthy some foundational questions about his training and experience to support his testimony about hacking, it overruled Marechale's objection. Agent McCarthy testified about his experience in computer forensics, child pornography investigations, and training and experience related to cyber threats and cyber security. "Admission of expert testimony is governed by Federal Rule of Evidence 702 and 'requires only that an expert possess knowledge, skill, experience, training, or education sufficient to assist the trier of fact, which is satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *United States v. Gutierrez-Ramirez*, 930 F.3d 963, 968 (8th Cir. 2019) (quoting *United States v. King*, 898 F.3d 797, 806 (8th Cir. 2018)). "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)). Agent McCarthy's opinion was based on his "personal experience and training applied to the facts of this case." *See United States v. Avalos*, 817 F.3d 597, 601 (8th Cir. 2016). We therefore conclude the district court did not abuse its discretion in allowing Agent McCarthy to testify as an expert.

The judgment is affirmed.

_____