# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3476

_____

United States of America

*Plaintiff - Appellee*

v.

April Tillman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: August 22, 2014
Filed: August 27, 2014

_____

Before BENTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

April Bregette Tillman was convicted of conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. She appeals, arguing: (1) the evidence was insufficient to

convict, (2) the district court[1] erred in denying her "buyer/seller" jury instruction, and (3) the district court incorrectly instructed the jury on the drug quantity attributable to her. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

I.

Tillman contends the evidence was insufficient to support the conspiracy conviction. This court reviews "the sufficiency of the evidence *de novo*, viewing evidence in the light most favorable to the jury's verdict, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." ***United States v. Harris-Thompson***, 751 F.3d 590, 598 (8th Cir. 2014). This court reverses "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." ***United States v. Brooks***, 715 F.3d 1069, 1081 (8th Cir. 2013). "This standard applies even when the conviction rests entirely on circumstantial evidence." ***United States v. Worman***, 622 F.3d 969, 977 (8th Cir. 2010).

"To establish a conspiracy, the government must prove: (1) the existence of an agreement among two or more people to achieve an illegal purpose, (2) the defendant's knowledge of the agreement, and (3) that the defendant knowingly joined and participated in the agreement." ***United States v. Johnson***, 719 F.3d 660, 666 (8th Cir. 2013). The government "is not required to prove an express agreement." ***United States v. Jackson***, 610 F.3d 1038, 1044 (8th Cir. 2010). Rather, the government "need only establish a tacit understanding between the alleged co-conspirators, which may be shown through circumstantial evidence." ***Id***. Still, the government "must 'offer enough evidence to prove a defendant's connection to a conspiracy beyond a reasonable doubt.'" ***Id.***, *quoting* ***United States v. Lopez***, 443 F.3d 1026, 1028 (8th Cir. 2006) (en banc).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Tillman asserts that the evidence for the third element—her participation in the conspiracy—was insufficient because there was no physical evidence and the government witnesses were not credible. At trial, four cooperating government witnesses testified they bought heroin and pain medication from Tillman. One witness connected Tillman to Catherine Elaine Johnson—a co-defendant who had pled guilty to conspiracy to distribute heroin—referring to Tillman as Johnson's "right-hand man." Johnson testified that Tillman: drove her to Chicago to buy heroin, drove her to drug transactions in exchange for heroin, sold heroin to her, bought heroin and oxycodone from her, broke down heroin to sell with her, and sold heroin out of her home.

Tillman challenges the credibility of the cooperating witnesses, arguing they were "either co-defendants, previously indicted co-conspirators, or users who were also cooperating with law enforcement." However, a jury verdict may be based "solely on the testimony of cooperating witnesses." *United States v. Smith*, 632 F.3d 1043, 1046 (8th Cir. 2011). *See United States v. L.B.G.*, 131 F.3d 1276, 1278 (8th Cir. 1997) ("It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction."). This court does not "judge credibility of witnesses." *United States v. Conway*, 754 F.3d 580, 587 (8th Cir. 2014). "Juries are capable of evaluating the credibility of testimony given in light of the agreements each witness received from the government." *Id*.

Physical evidence corroborated the testimony of the cooperating witnesses. Police and DEA agents testified that a search of Tillman's home produced six baggies of cocaine, foil and other drug packaging materials, a check to Catherine Johnson, and a pipe with marijuana residue. A DEA agent said these items were consistent with drug distribution. Tillman's phone records corroborated the testimony of the cooperating witnesses, showing significant contacts with them during the conspiracy. The government's expert testified that the call patterns were consistent with "narcotics trafficking, contact between source of supply and user and vice versa."

The evidence was sufficient to support the conspiracy conviction.

## II.

Tillman alleges that the district court abused its discretion by refusing to give a buyer-seller instruction. This court "review[s] a district court's jury instructions for abuse of discretion," reviewing the instructions "as a whole." *United States v. Faulkner*, 636 F.3d 1009, 1019-20 (8th Cir. 2011). A defendant is entitled to a specific jury instruction conveying the substance of the request if it is timely, supported by evidence, and correctly states the law. *Johnson*, 719 F.3d at 670. This court reverses if the omission was prejudicial. *United States v. White Calf*, 634 F.3d 453, 456 (8th Cir. 2011). This court will reverse "when the errors misled the jury or had a probable effect on the jury's verdict." *United States v. Pereyra-Gabino*, 563 F.3d 322, 328 (8th Cir. 2009).

At the close of evidence, Tillman requested a buyer-seller instruction based on *United States v. Cabbell*, 35 F.3d 1255 (8th Cir. 1994), which approved the instruction: "You are instructed that transient sales where the buyer is purchasing drugs for his own personal use and not for the purpose of distributing or delivering the purchased drugs to others does not in and of itself make the buyer a co-conspirator with the seller in the seller's drug distribution conspiracy." However, a buyer-seller instruction "is not supported by the evidence and thus 'not appropriate when there is evidence of multiple drug transactions, as opposed to a single, isolated sale.'" *Johnson*, 719 F.3d at 671, *quoting United States v. Hester*, 140 F.3d 753, 757 (8th Cir. 1998). The district court found:

> The buyer/seller instruction is not supported by the evidence in this case. The trial evidence shows that this was more than a single transaction involving Ms. Tillman. The amount of the drugs was significant, a large amount of drugs. There was an ongoing relationship among the buyers and sellers. There's no evidence that she did just one purchase, she -- or

that she knew only one of the alleged conspirators. And there's no evidence that it was a one order for a quantity of drugs. So long story short, the instruction just simply is not supported by the evidence and I won't be giving it.

**Trial Tr. Vol. III**, at 467. Tillman's participation in the conspiracy spanned years, with multiple drug transactions and multiple customers. Because it was not a single, isolated sale, the buyer-seller instruction was not supported by the evidence.

Regardless, Tillman cannot establish prejudice based on the jury instructions as a whole. Her theory of the case was that she was a mere heroin user, unaware of the larger conspiracy. The district court gave a "mere presence" instruction:

> You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one does not thereby become a member.

This instruction "correctly states the applicable law and adequately and fairly covers the substance of a 'mere buyer' theory-of-defense instruction." *United States v. Cubillos*, 474 F.3d 1114, 1119 (8th Cir. 2007), *quoting* *Hester*, 140 F.3d at 757.

The district court did not abuse its discretion in denying the buyer-seller instruction.

### III.

Tillman maintains that the district court plainly erred in instructing the jury on the drug quantity attributable to her. "In order to preserve the issue of whether a particular jury instruction should or should not have been issued, an attorney must

make a timely objection, explaining the grounds upon which the instruction should or should not issue." ***United States v. Kirkie***, 261 F.3d 761, 770 (8th Cir. 2001); *see* **Fed. R. Crim. P. 30(d)**.   Plain error requires "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that affects the fairness and integrity of judicial proceedings." ***United States v. Olguin***, 428 F.3d 727, 728 n.3 (8th Cir. 2005). However, if a defendant waives an issue before the district court, the claim is unreviewable on appeal.  ***United States v. Wisecarver***, 598 F.3d 982, 988 (8th Cir. 2010); ***United States v. Booker***, 576 F.3d 506, 511 (8th Cir. 2009); ***United States v. Gutierrez***, 130 F.3d 330, 332 (8th Cir. 1997).

Instruction 20 states, in relevant part:

> The quantity of controlled substances involved in the agreement or understanding includes the controlled substances that the defendant possessed for personal use or distributed or agreed to distribute.  The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were within the scope of the conspiracy charged in the Indictment, ***or*** were reasonably foreseeable to the defendant as a necessary or natural consequence of the conspiracy charged in the Indictment.

(Emphasis added).  Tillman alleges that the district court erred by instructing the jury in the disjunctive rather than the conjunctive.  She argues that the "or" is contrary to the law on co-conspirator liability. *See **Pinkerton v. United States***, 328 U.S. 640, 647 (1946); ***United States v. Foxx***, 544 F. 3d 943, 954 (8th Cir. 2008).

Before trial, the parties jointly submitted proposed jury instructions.  The instructions contained—and even underlined—the now-contested "or," highlighting that it differed from the model instruction.

As to <u>Count I</u>, the quantity of controlled substances involved in the agreement or understanding includes the controlled substances that the defendant <u>under consideration by you</u> possessed for personal use or distributed or agreed to distribute. The quantity also includes the controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were <u>within the scope of the conspiracy charged in the Indictment, or were reasonably foreseeable to the defendant under consideration by you as a necessary or natural consequence of the conspiracy charged in the Indictment</u>.

At the instruction conference before closing arguments, Tillman's counsel stated, "With regards to the instructions that are currently in the packet, I have no objections with regards to the language in any of them." **Trial Tr. Vol. III**, at 464. Tillman did not object when the government argued the disjunctive language in closing. **Trial Tr. Vol. IV**, at 519-20.

"[W]hen a defendant specifically requests a particular instruction, [s]he gives up the right to appeal any error in that instruction." *United States v. Mariano*, 729 F.3d 874, 881 (8th Cir. 2013). Because Tillman jointly proposed the disputed instruction and never objected, she waived the right to contest it. Her challenge is unreviewable on appeal. *Wisecarver*, 598 F.3d at 988.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____