# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1066

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Babb

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 22, 2017
Filed: October 31, 2017

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Kevin Babb of conspiracy to distribute fifty grams or more of actual methamphetamine and three counts of distributing five grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & (B),

and 846. The district court[1] sentenced him to 150 months in prison and 5 years supervised release. Babb appeals, arguing the district court erred in excluding evidence of prior convictions during the cross-examination of a government witness and in refusing to give his requested "buyer-seller" jury instruction. We affirm.

## I. Background.

At trial, Drug Enforcement Agency (DEA) Agent David Jensen testified that in spring of 2014 Tyler Clark, who had a prior felony drug conviction, began working as a confidential informant after he was caught possessing methamphetamine and a firearm was found in a warrant search of his residence. Clark identified Mark Taylor as a middleman who sold methamphetamine for Taylor's suppliers. The DEA arranged three controlled buys in which Clark purchased methamphetamine at Taylor's residence. On each occasion, DEA agents gave Clark marked money before he entered Taylor's home and watched Babb enter and leave the residence while Clark was there. Clark quickly left the home and immediately delivered the methamphetamine he had purchased to the waiting agents. Photographs of Babb outside Taylor's home at the time of the transactions were admitted into evidence. A DEA forensic chemist, supported by lab reports, testified that Clark purchased 13.2 grams of 99% pure methamphetamine during the first controlled buy, 7.0 grams of 94% pure methamphetamine during the second, and 55.5 grams of 97% pure methamphetamine during the third.

Clark testified that he participated in the controlled buys and cooperated with the DEA in other ways in hopes of obtaining leniency regarding his exposure to drug and firearm charges. Clark testified that he did not meet Taylor's supplier during the three controlled buys. However, on two occasions, Clark saw Babb arrive while

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

Clark was waiting to complete his purchase. Taylor met briefly with Babb in another room and then exchanged methamphetamine with Clark for the marked money (which was never found). Taylor testified that he both purchased user amounts of methamphetamine from Babb and served as Babb's middleman in selling larger quantities to third persons, including the controlled buys by Clark. Cooperating conspirators Theresa Simeon, Ada Thill, and Pete Thill also testified that Babb was involved in the distribution of methamphetamine. Simeon testified that she supplied Babb an ounce or more of methamphetamine as often as twice daily for about a year, and that Babb often ordered methamphetamine when Simeon went to Arizona to purchase the drug in large quantities. The Thills testified that Simeon stored methamphetamine at their house and Babb was one of Simeon's customers. Ada Thill testified she delivered ounce quantities of methamphetamine to Babb for Simeon on three or four occasions.

## II. The Cross-Examination Issue.

During direct examination, Clark admitted he had a 1999 felony conviction that exposed him to a substantial sentence if he was convicted of new drug and firearm offenses. During cross examination, defense counsel sought to impeach Clark's credibility by questioning him about escape and drug possession charges in 2001 and 2002 and a theft of stolen property conviction in 2004. The district court excluded evidence of these convictions because more than ten years had passed since any confinement and Babb failed to show that "its probative value . . . substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

On appeal, Babb argues the district court violated his Sixth Amendment right to meaningful cross-examination when the court did not allow Babb to use these prior convictions to show that Clark's motive to testify for the government was to avoid increased punishment if he was charged with being a felon in possession of the firearm found in his residence. "[E]xposure of a witness' motivation in testifying is

-3-

a proper and important function of the constitutionally protected right of cross-examination." Davis v. Alaska, 415 U.S. 308, 316-17 (1974). "Where there are facts that would support a reasonable inference of bias that relates to a witness's credibility, the defendant should be permitted to make an effective inquiry into that bias." United States v. Jasso, 701 F.3d 314, 316 (8th Cir. 2012). The touchstone of this inquiry "is whether [Babb] was given an adequate opportunity to impeach the credibility of [Clark]." United States v. Dale, 614 F.3d 942, 957 (8th Cir. 2010).

Here, the district court noted that "the jury has . . . heard of [Clark's] felony marijuana conviction in 1999, and . . . because of that felony conviction Mr. Clark was not supposed to be in possession of a firearm [and] could have faced substantial charges. So that point I believe has been made." This cross-examination gave Babb the means "to obtain the effect that the excluded examination would have allegedly established." Jasso, 701 F.3d at 317. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things . . . interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The district court did not abuse its discretion by limiting cumulative inquiry into Clark's well-established motive for cooperating. See United States v. Oaks, 606 F.3d 530, 540 (8th Cir. 2010) (standard of review).

A general way to impeach a witness's credibility is to introduce evidence of prior criminal convictions "to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony." Davis, 415 U.S. at 316. Rule 609(a) sets forth "rules [that] apply to attacking a witness's character for truthfulness by evidence of a criminal conviction." Rule 609(b) severely limits the use of such evidence when the prior conviction is more than ten years old. Under this Rule, "stale convictions should be admitted very rarely and only in exceptional circumstances." United States v. Stoltz, 683 F.3d 934, 939-40 (8th Cir. 2012) (quotation omitted). Here, Babb

concedes that the convictions in question were more than ten years old. Clark admitted that he had a prior felony drug conviction, providing a basis to attack his "character for truthfulness." Thus, the district court "acted well within its discretion when it excluded [Clark's additional convictions] under Rule 609(b)." Id. at 940.

### III. The Buyer-Seller Instruction Issue.

"[P]roof of a buyer-seller relationship, without more, is inadequate to tie the buyer to a larger [drug] conspiracy." United States v. Peeler, 779 F.3d 773, 776 (8th Cir. 2015) (quotation omitted). In United States v. Prieskorn, we held that the district court erred in declining to give a theory-of-defense, buyer-seller instruction where there was evidence the defendant-buyer made only one drug purchase, knew only the seller, and had not ordered the drugs he purchased. 658 F.2d 631, 636 (8th Cir. 1981). On appeal, relying on Prieskorn, Babb argues the district court abused its discretion by denying his request for "the standard Eighth Circuit instruction on buyer-seller relationship." Babb did not include the proposed instruction in the record on appeal, so this issue was not properly preserved. There is no "standard" theory-of-defense instruction. The instruction requested in Prieskorn, quoted at 658 F.2d at 636 n.4, would not have helped Babb in this case -- Prieskorn was a drug buyer, Babb a drug seller. But in any event, the contention is without merit.

We review a district court's jury instructions for abuse of discretion. United States v. Tillman, 765 F.3d 831, 834 (8th Cir. 2014). The district court refused to give the buyer-seller instruction because the evidence showed "multiple transactions and quantities that are well above user quantities of methamphetamine." Prior cases strongly support this ruling. "[A] buyer-seller instruction 'is not supported by the evidence and thus not appropriate when there is evidence of multiple drug transactions, as opposed to a single, isolated sale.'" Id. at 835, quoting from two earlier decisions. Moreover, Babb's assertion that the trial evidence showed "incidental deals between Babb and Taylor" does not accurately reflect the trial

record.  The testimony of Clark and Taylor, supported by contemporaneous DEA surveillance, showed that Babb made multiple sales of significant quantities of methamphetamine to middleman Taylor for resale to buyer Clark.  The district court did not abuse its discretion in declining to give a buyer-seller instruction.

The judgment of the district court is affirmed.

_____