# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3207
_____

United States of America

*Plaintiff - Appellee*

v.

Cyrus Allan Free

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 15, 2020
Filed: October 1, 2020
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

A jury found Cyrus Allan Free guilty of the following offenses: aggravated sexual abuse of a minor under the age of twelve years old, in violation of 18 U.S.C. §§ 2241(c) and 1153 (count I); sexual abuse of a minor between the ages of twelve and sixteen years old, in violation of 18 U.S.C. §§ 2243(a) and 1153 (count III); and abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(3) and 1153 (count V).

The district court[1] sentenced Free to life imprisonment on count I, 180 months' imprisonment on count III, and 24 months' imprisonment on count V, with the sentences to run concurrently. Free argues that the district court abused its discretion in excluding certain evidence, that the evidence was insufficient to support his conviction on count I, and that his sentence is substantively unreasonable. He also raises a claim of ineffective assistance of counsel, which we do not address because it is premature. See United States v. Oliver, 950 F.3d 556, 566 (8th Cir. 2020) ("We review ineffective-assistance claims on direct appeal only 'where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent.'" (quoting United States v. Thompson, 690 F.3d 977, 992 (8th Cir. 2012))). We affirm.

G.M. lived with her grandmother, Veronica Free, for most of her life. Cyrus Free moved into the home when G.M. was five. Although he was not married to Veronica, G.M. referred to Free as her grandfather. During the school day on April 19, 2017, when G.M. was fourteen years old, she told a friend that her grandfather had been raping her. The allegations were eventually relayed to a school administrator, who then called child protective services.

School administrators brought G.M. to a child protective services office on April 20, 2017, where she reported that Free had sexually abused her. G.M. then was taken to the emergency room and thereafter transferred to a different hospital for an examination by a Sexual Assault Nurse Examiner. G.M. reported that her grandfather had last assaulted her on April 18, 2017, when he engaged in vaginal intercourse while wearing a condom. G.M. left for a school trip to Washington D.C. soon thereafter.

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

While executing a search warrant, a law enforcement officer discovered a used condom and wrapper in the garbage can outside Veronica Free's home. DNA analysis revealed that the condom contained a DNA profile consistent with a mixture of two individuals, Free and G.M. Free was eventually arrested and charged with the offenses set forth above, among others.

G.M. testified at trial that Free began molesting her when she was eight years old. According to G.M., "he started putting his fingers inside [her] vagina, and it just kept getting worse over the years." Free began trying to have vaginal intercourse with G.M. when she was nine years old, but was physically unable to penetrate her until she was eleven. G.M. testified that he would instead anally penetrate her and would often force her to perform oral sex on him. When G.M. became older, Free would regularly have vaginal intercourse with her, sometimes using a condom. He told her not to tell anyone about the sexual abuse, threatening to hurt her grandmother and siblings if she did so. G.M. stated that her grandmother twice entered a room while G.M. was performing oral sex on Free. Veronica Free testified that Free sometimes slept in G.M.'s room and that she once had walked into a room to find Free lying on the bed, with G.M. sitting on her knees by Free's waist.

G.M. testified on cross-examination that she had been accepted into a special school program, in which students took advanced classes, went on annual trips, and received college scholarships. G.M. testified that she sometimes got into trouble, but the district court disallowed questions regarding whether Veronica and Cyrus Free had found marijuana in G.M.'s bedroom and whether they had made G.M. take an over-the-counter drug test.

Free was found guilty on all counts.[2]   At sentencing, the district court determined that Free's total offense level was 43, that his criminal history category was V, and that his sentencing range under the U.S. Sentencing Guidelines (Guidelines) was life imprisonment.

Free argues that the district court abused its discretion in excluding evidence that G.M. had kept drugs in her bedroom and had tested positive for marijuana use shortly before she disclosed that Free had been sexually abusing her.  See United States v. Battle, 774 F.3d 504, 512 (8th Cir. 2014) (standard of review).  Relevant evidence of a prior act is not admissible to prove a person's character in order to show that on a particular occasion she acted in accordance with the character.  Fed. R. Evid. 404(b)(1).   Such evidence may be admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Evidence is relevant if it tends to make a fact more or less probable and the fact is of consequence in determining the action.  Fed. R. Evid. 401.

Free contends that the excluded evidence would have helped prove his theory that G.M. falsely accused him of rape to prevent him from punishing her.  He argues that "[t]he fact that Free might have been disciplining G.M. for misconduct was crucial to explaining why G.M. might have a reason to lie about the abuse."  Appellant's Br. 21.  We agree that the evidence of Free's discipline of G.M. was relevant, in that it had a tendency to make it more probable that G.M. leveled a false accusation against Free to retaliate against him and to avoid future punishment.  The district court did not limit defense counsel's inquiry into Free's discipline of G.M., however, leaving counsel free to ask whether G.M. was concerned that Free would punish her for misconduct by forbidding her from attending the school trip to

---

[2]The district court vacated Free's convictions on counts II and IV as potentially lesser included offenses of counts I and III.

-4-

Washington D.C. The district court disallowed only questions regarding G.M.'s having marijuana in her room and being required to take a drug test. Any evidence of G.M.'s drug use would not have tended to prove the alleged motives of retaliation and avoiding punishment. We thus find no abuse of discretion in the district court's decision to exclude the evidence.

Free next argues that the evidence was insufficient to convict him of count I of the indictment, which alleged that Free had knowingly engaged in a sexual act and had caused G.M. to engage in a sexual act before she attained the age of twelve years, in that he "did digitally penetrate G.M.'s vaginal opening with his finger." We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences. United States v. Fool Bear, 903 F.3d 704, 708 (8th Cir. 2018). We will reverse a conviction "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (quoting United States v. Tillman, 765 F.3d 831, 833 (8th Cir. 2014)).

Free contends that the government failed to prove that any sexual act occurred before G.M. turned twelve years old. See id. at 710 ("Age is a necessary element of the offense: the victim must be 'another person who has not attained the age of 12 years.'" (quoting 18 U.S.C. § 2241(c))). As set forth above, G.M. testified that the abuse began when she was eight and that she knew that the digital penetration began before she was twelve because, despite his attempts to do so, Free was unable to have vaginal intercourse with her until she was eleven. G.M.'s testimony on her age and the sexual act was unequivocal:

> Q: I want to go back to when you were talking about him putting his fingers into you. Did that take place before you turned 12 years old?
> A: Yes.
> . . .

Q: Okay. And how did you know that it was his finger as opposed to an object or some other body part?

A: Because he was putting his hand in that area and he told me he was going to do it.

A reasonable jury thus could rely on G.M.'s testimony to find that Free digitally penetrated G.M. before she was twelve years old. See Fool Bear, 903 F.3d at 710 (holding that victim's testimony was sufficient to prove that she was younger than twelve when the aggravated sexual abuse occurred); United States v. DeCoteau, 630 F.3d 1091, 1097 (8th Cir. 2011) ("[A] victim's testimony alone can be sufficient to prove aggravated sexual abuse."); see also United States v. Never Misses A Shot, 781 F.3d 1017, 1025 (8th Cir. 2015) ("[I]t is for the jury, not a reviewing court, to evaluate the credibility of witnesses and to weigh their testimony." (quoting United States v. Mallen, 843 F.2d 1096, 1099 (8th Cir. 1988))).

Finally, Free argues that he should have been sentenced to the mandatory minimum sentence of thirty years' imprisonment, see 18 U.S.C. § 2241(c), which would "put [him] into his eighties when he is released." Appellant's Br. 27. He contends that because he would be statistically unlikely to recidivate at that age, the life sentence imposed by the district court is greater than necessary to serve federal sentencing goals under 18 U.S.C. § 3553(a). The record reveals that the district court gave due consideration to defense counsel's well-thought-out, well-presented argument for a lesser-than-life sentence, and we conclude that it did not abuse its discretion in determining that Free's age did not warrant a downward variance from the advisory Guidelines sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review); see also United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)).

The judgment is affirmed.

_____