# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1643
_____

United States of America

*Plaintiff - Appellee*

v.

Enrique Steven Abarca

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 16, 2022
Filed: March 2, 2023
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Enrique Steven Abarca of conspiracy to distribute 500 grams or more of methamphetamine with two prior serious drug felonies, in violation of 21 U.S.C. §§ 846 and 851. The district court[1] sentenced him to 324 months in prison.

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Abarca believes the district court erred in admitting Rule 404(b) testimony from Michael Muhle, a man who was not involved in the charged conspiracy but began selling meth with Abarca three months after the conspiracy ended.

## A.

Abarca asserts the court erred in introducing evidence from Muhle without properly noticing him under Fed. R. Evid. 404(b)(3). Abarca did not object at trial, and this court reviews for plain error. *See **United States v. Loomis***, 954 F.3d 1184, 1186 (8th Cir. 2020). For plain error, Abarca must show "there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." ***United States v. Poitra***, 648 F.3d 884, 887 (8th Cir. 2011).

Rule 404(b)(3) requires the government in a criminal case to:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

**Fed. R. Evid. 404(b)(3)**. The government did not file a specific notice of 404(b) evidence on Muhle's expected testimony, but Abarca received a copy of the report

-2-

of his pretrial interview. The government argues that because the 404(b)(3) standard is "flexible," this report is sufficient to constitute notice. *See United States v. DNRB, Inc.*, 895 F.3d 1063, 1069 (8th Cir. 2018).

In 2020, Rule 404(b) was amended "principally to impose additional notice requirements on the prosecution." **Fed. R. Evid. 404(b), advisory committee notes, 2020 Amendments** ("The earlier requirement that the prosecution provide notice of only the 'general nature' of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose."). The 2020 amendments make clear that the government now must "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." **Fed. R. Evid. 404(b)(3)(B)** (2020). At best, the report of Muhle's pretrial interview provided notice of only the "general nature" of his testimony. The government failed to give the notice required under Fed. R. Evid. 404(b)(3).

But under a plain error standard of review, the error did not affect Abarca's substantial rights. The evidence of his participation in the conspiracy was robust. And, as he concedes, many witnesses had already testified about his drug connections to California. Even if the "evidence was erroneously admitted, the errors did not affect [Abarca's] substantial rights as required by the plain-error standard because the evidence of his guilt was overwhelming." *Loomis*, 954 F.3d at 1187.

## B.

Abarca contends the court erred in admitting Muhle's testimony because it did not fall under any of the Rule 404(b) exceptions and was unduly prejudicial. This court reviews "evidence admitted under Rule 404(b) for an abuse of discretion, reversing only when the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts."

***DNRB***, 895 F.3d at 1068 (internal quotation marks omitted).  Under Federal Rule of Evidence 404(b), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  **Fed. R. Evid. 404(b)(1)**.  But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  **Fed. R. Evid. 404(b)(2)**.  "To admit evidence under Rule 404(b), it must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect."  ***DNRB***, 895 F.3d at 1068 (internal quotation marks omitted).

Muhle's testimony met these requirements.  It was relevant to a material issue and admissible to show Abarca's knowledge of drug trafficking and his intent to participate in the alleged conspiracy.  *See* **Fed. R. Evid. 404(b)(2)**.  The testimony about Abarca's plans to get meth from California was similar in kind to testimony provided by his co-conspirators.  ***DNRB***, 895 F.3d at 1068.  It thus had some "bearing on the case," and was not used "solely to prove" his "propensity to commit criminal acts."  ***Id***.

Abarca argues the testimony, particularly about him exchanging guns for drugs, was unduly prejudicial because it "changed a non-violent, alleged conspiracy into a hyper-violent one."  But Muhle's testimony about guns was only one statement: "Well, at that time he told me that he was going to trade guns for [meth]."  And by the time Muhle testified, the jury had already heard testimony from two people about Abarca owning a handgun and pulling it out during a fight.  The jury had also heard evidence about Abarca threatening his co-conspirators and their family members saying things like, "I'm going to kill you, kill your mom, kill your kids. I know where your aunt lives at."  He told another witness that she was "never going to make it to court."  The court also gave a limiting instruction, telling the jury that Muhle's testimony "may be considered by you only for the purposes of intent, knowledge, absence of mistake on behalf of the defendant in this particular case, and

-4-

it may not be considered for any other purpose." The evidence, particularly with the court's limiting instruction, was not unduly prejudicial. The district court did not err in admitting Muhle's testimony.

## II.

Abarca argues the evidence was insufficient to support the verdict. This court reviews the sufficiency of the evidence de novo, "viewing evidence in the light most favorable to the jury's verdict, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Tillman*, 765 F.3d 831, 833 (8th Cir. 2014). "A defendant challenging the sufficiency of the evidence in a conspiracy case has a heavy burden." *United States v. Mann*, 701 F.3d 274, 296 (8th Cir. 2012). This court will reverse "only if no reasonable jury could have found" guilt "beyond a reasonable doubt." *Tillman*, 765 F.3d at 833.

"To establish that a defendant conspired to distribute drugs, the government must show that there was an agreement to distribute drugs, that the defendant knew of the conspiracy, and that the defendant intentionally joined the conspiracy." *United States v. Davis*, 826 F.3d 1078, 1081 (8th Cir. 2016). Here, four cooperating witnesses and co-conspirators testified that Abarca brought and shipped meth into Nebraska for redistribution. They also testified he sent money to California through Wells Fargo and Walmart to buy meth. These witnesses corroborated each other. This court does not "reweigh or reexamine the credibility of witnesses on appeal." *United States v. Ferguson*, 29 F.4th 998, 1003 (8th Cir. 2022). Their testimony was further corroborated by a package (intercepted by law enforcement) with about five pounds of meth; Postal Service records of packages sent; records of wire transfers sent to California; phone records; and records of drug sales kept by a cooperating witness. There was sufficient evidence to support the verdict.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____