# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-1084
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Michael Buehler

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa
_____

Submitted: December 15, 2023
Filed: April 5, 2024
[Unpublished]
_____

Before SMITH, Chief Judge,[1] GRUENDER and GRASZ, Circuit Judges.
_____

PER CURIAM.

---

[1]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

A jury convicted Justin Buehler on two counts of distributing methamphetamine. The district court[2] imposed a 360-month sentence. On appeal, Buehler challenges the district court's decision to limit his cross-examination of a government witness, the sufficiency of the evidence, and the substantive reasonableness of his sentence. We affirm.

## I. Background

On two occasions in January 2019, the government paid a confidential informant (CI) to buy methamphetamine from Buehler at Buehler's house. For each purchase, the CI was given documented currency and a device to record the transaction. After the two visits to Buehler's house, the CI returned with 3.39 and 6.80 grams of methamphetamine respectively. After these controlled purchases, police arrested Buehler for two counts of distribution of a controlled substance.

After his arrest, Buehler was housed at the Linn County jail. During a phone conversation at the jail, he said the CI was "snitching on [him]." Buehler also encouraged two inmates at the jail to attack the CI if he came to their unit. Buehler was then transferred to another facility. After Buehler's transfer, the CI was housed at the jail. The two inmates with whom Buehler spoke physically assaulted the CI to make him "think twice about cooperating." The CI had to go to the hospital for his injuries.

At Buehler's trial, the CI testified about the drug purchases and the jail attack. Buehler sought to impeach the CI's credibility by presenting seven of the CI's past convictions, all of which occurred more than ten years before the trial. Buehler filed a notice of intent to present the convictions under Federal Rule of Evidence 609(b). The government objected based on the age of the convictions and Buehler's failure to provide documentation showing the convictions involved crimes of dishonesty.

---

[2]The Honorable C.J. Williams, then United States District Judge for the Northern District of Iowa, now Chief Judge.

The district court sustained the objection and allowed Buehler to inquire only whether the CI "ha[d] multiple felony convictions."

The jury found Buehler guilty of two counts of methamphetamine distribution. Before sentencing, the district court reviewed the presentence investigation report and Buehler's objections to the report. At the sentencing hearing, the district court found Buehler was a career offender, putting his base offense level at 34 and his criminal history at category VI. This resulted in a sentencing range of 262 to 327 months of imprisonment. After weighing certain aggravating factors as part of its 18 U.S.C. § 3553(a) analysis, including Buehler's obstruction of justice and criminal history, the district court granted the government's motion for an upward variance and imposed a 360-month sentence. The district court found Buehler directed the CI's assault, gave false testimony at trial, and had a history of sexually assaulting women.

Buehler appeals, challenging his conviction and sentence.

## II. Discussion

First, Buehler argues the district court erred in precluding him from cross-examining the CI about his past convictions. "We review the district court's exclusion of the convictions under Rule 609 for an abuse of discretion." *United States v. Stoltz*, 683 F.3d 934, 938 (8th Cir. 2012). Rule 609 of the Federal Rules of Evidence directs:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] [e]vidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b). We have explained "Rule 609(b) severely limits the use of such evidence when the prior conviction is more than ten years old." *United States v. Babb*, 874 F.3d 1027, 1030 (8th Cir. 2017). "Under this Rule, 'stale convictions should be admitted very rarely and only in exceptional circumstances.'" *Id.* (quoting *Stoltz*, 683 F.3d 939–40).

Other than claiming the CI's past crimes were probative toward the CI's credibility, Buehler has not offered any reason why he should have been allowed to cross-examine the CI about the specifics of his convictions. Nor did Buehler offer any cogent argument as to why the CI's specific convictions were substantially more probative than prejudicial, as required to admit such evidence. Buehler failed to articulate any reason why the CI's stale convictions should fit within the rare exception for admissibility, so we hold the district court did not abuse its discretion.

Next, Buehler challenges the district court's denial of his motion for judgment of acquittal. "We review de novo a district court's denial of a motion for judgment of acquittal." *United States v. Garcia-Hernandez*, 530 F.3d 657, 661 (8th Cir. 2008) (quoting *United States v. McAtee*, 481 F.3d 1099, 1104 (8th Cir. 2007)). When reviewing a verdict for sufficiency of the evidence, the evidence is viewed in the light most favorable to the jury's verdict, and all reasonable inferences are drawn in the government's favor. *Id.* "[W]e must not 'weigh the evidence or assess the credibility of witnesses.'" *Id.* (quoting *United States v. Santana,* 524 F.3d 851, 853 (8th Cir. 2008)).

Buehler argues the government did not offer any corroboration of the CI's testimony or any evidence to disprove Buehler's testimony that he did not sell drugs. Buehler further argues this left the jury with the CI's testimony, which Buehler claims was not credible, as the only evidence against his defense. Buehler's portrayal of the government's evidence is inaccurate. The government presented corroborating evidence through the testimony of a drug enforcement agent who monitored the CI during the controlled purchases. That agent testified to the procedures he undertook to ensure there would be no other way for the CI to produce

methamphetamine to the police other than by buying it from Buehler. Moreover, it is not our role to determine a witness's credibility. *Garcia-Hernandez*, 530 F.3d at 661 (quoting *Santana,* 524 F.3d at 853). The jury was free to believe or disbelieve the CI, Buehler, or any other witness. In light of the evidence presented, a reasonable jury could find Buehler distributed methamphetamine to the CI on the two occasions for which he was convicted.

Finally, Buehler challenges his 360-month sentence as being substantively unreasonable. We analyze the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Daniels*, 775 F.3d 1001, 1006 (8th Cir. 2014). The district court granted the upward variance above the advisory range of 262 to 327 months in light of aggravating factors, such as Buehler's attempt to obstruct justice by directing the assault of a witness and lying during his testimony, as well as his significant criminal history. After careful review of the record and the district court's explanation of its evaluation of the sentencing factors, 18 U.S.C. § 3553(a), we cannot say the district court imposed a substantively unreasonable sentence. In turn, we conclude the district court did not abuse its discretion.

### III. Conclusion

We affirm the judgment of the district court.

_____